UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Paulina Cabello-Setlle, *individually and as next friend for KC, a minor*,

                                        Plaintiff,

        -against-

Laura Scott and Suzanne Gustafson, *the individual defendants sued individually and in their official capacities*,

                                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **01/26/2024**____

No. 21 Civ. 7477 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Paulina Cabello-Setlle, individually and as next friend for KC, a minor, brings this action under 42 U.S.C. § 1983 asserting claims for (1) malicious prosecution, (2) false arrest, (3) false imprisonment, (4) abuse of process, (5) failure to supervise, and (6) denial of a fair trial. Plaintiff brings her claims against Defendant Laura Scott, a social worker for the County of Sullivan who conducted a welfare check on KC, Plaintiff's minor child, and Defendant Suzanne Gustafson, Scott's supervisor. Plaintiff asserts a sole cause of action against Gustafson: failure to supervise. The other five causes of action are asserted against Scott. She sues Scott and Gustafson (together, "Defendants") individually and in their official capacities.

Presently before the Court is (1) Gustafson's motion to dismiss Plaintiff's claim for failure to supervise and (2) Scott's motion to dismiss Plaintiff's claim for abuse of process, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 49 and 53.) For the following reasons, the Court GRANTS Defendants' motions.

## BACKGROUND

### I.   Factual Background

The following facts are derived from the Second Amended Complaint ("SAC") (ECF No. 45) and are taken as true and constructed in the light most favorable to Plaintiff at this stage.

On September 10, 2018, Defendant Laura Scott went to Plaintiff's home in her capacity as a social worker to conduct a welfare check on KC. (SAC ¶ 12.) Scott entered the home to check whether there was dog urine and excrement on the ground of the home, even though it was readily apparent Plaintiff's home was clean and did not have any excrement or urine. (*Id.* ¶¶ 15–16.) Nonetheless, Scott harassed Plaintiff and her family and guests—she unnecessarily checked private areas of Plaintiff's home, accused them of using illicit drugs, "physically and aggressively" stepped up to Plaintiff's wife and "yelled loudly and aggressively at her," and "shouted and threatened" to Plaintiff and her wife that she would take KC away. (*Id.* ¶¶ 17-19.) Upon the completion of her investigation, Scott did not create a social services report, call 911, or submit a police report against Plaintiff or Plaintiff's family or guests as they had committed no crime and no conditions existed in Plaintiff's home to elicit any action from the Department of Family Services ("DFS").

The day after Scott's visit, Plaintiff and her wife went to DFS and made a formal complaint against Scott with her supervisor, Defendant Suzanne Gustafson. (*Id.* ¶ 27.) In her complaint to Gustafson, Plaintiff included Scott's behavior of threatening, yelling, and falsely accusing Plaintiff and her guests and family. (*Id.* ¶ 29.) On September 12, 2018, the day after Plaintiff submitted her complaint to Gustafson, Scott gave a false report to the NYSP and the County DA's Office accusing Plaintiff of committing several crimes. (*Id.* ¶¶ 32-33.) Scott gave this false report in retaliation against Plaintiff, to cover up "her illegal behavior," and "with the purpose of procuring

the false arrest and prosecution of Plaintiff, and the removal of Plaintiff KC from Plaintiff's home."
(*Id.* ¶¶ 33, 38.)

On September 13, 2018, based on Scott's false accusations, Plaintiff was forcibly arrested.
(*Id.* ¶ 39.) KC, eight years old at the time of the arrest, was traumatized by witnessing his mother
being arrested and removed from the home and continues to suffer in fear and trauma. (*Id.* ¶¶ 41-
42.) Based solely on Scott's false report, the County DA's Office charged plaintiff with several
crimes, including menacing and false imprisonment of Scott, and endangering the welfare of a
child. (SAC ¶ 43-45.) Despite Plaintiff repeatedly explaining to the County DA's Office and
Gustafson that Scott falsified her report, neither the County DA's Office or DFS attempted to
verify Scott's allegations. (*Id.* ¶ 49.) Plaintiff also provided sworn affidavits that contradicted
Scott's allegations to the County DA's Office and Gustafson, but they ignored them. (*Id.* ¶ 50.)
Gustafson ignored Plaintiff's complaint and did not investigate Scott's false report, but had she
done so, Plaintiff would not have been arrested, prosecuted, or harmed. (*Id.* ¶¶ 55, 57.) Plaintiff
was prosecuted for two years based on Scott's false accusations until the case was dismissed under
NYCPL § 170.55.[1] (*Id.* ¶¶ 48, 58.)

## II.    Procedural Background

On September 7, 2021, Plaintiff commenced the instant action by filing a Complaint
asserting nine causes of action against defendants County of Sullivan, Laura Scott, John/Jane Doe

---

[1] NYCPL § 170.55 provides for an "adjournment in contemplation of dismissal": "an informal mechanism"
disposing of relatively minor charges on a "nonmerits adjudicatory basis" provided that the defendant, the
prosecutor, and the court agree to keep the charges in "a state of suspense for a period of six months, during which
the [defendant's] habitual behavior pattern can be tested by time." *Hollender v. Trump Village Co-op., Inc.*, 58
N.Y.2d 420, 424 (N.Y. 1983). "[O]nce the six-month period is at an end, absent any untoward event, the case will be
dismissed as a matter of course unless, on application of the prosecutor, the court is convinced 'that dismissal of the
accusatory instrument would not be in the furtherance of justice.'" *Id.* (quoting NYCPL § 170.55). A dismissal
under the statute does not "connote either a conviction or . . . an admission of guilt." *Id.* In short, "[t]he overall effect
of a consummated [adjournment in contemplation of dismissal] is . . . to treat the charge as though it never had been
brought." *Id.* at 425.

Supervisor #1, and John/Jane Doe Officers #1-10. ("Compl.," ECF No. 1.) On September 15, 2021, Plaintiff filed her First Amended Complaint ("FAC"), which added another defendant, New York State Police P.O. Elizabeth Roser. (FAC, ECF No. 7.) Upon the parties' briefing of the defendants' motion to dismiss, the Court issued an Opinion and Order (the "Opinion") which dismissed the FAC without prejudice for Plaintiff to file a Second Amended Complaint ("SAC"). (ECF No. 43.) On October 26, 2022, Plaintiff filed her SAC, naming only Laura Scott and Suzanne Gustafson as defendants, both sued individually and in their official capacities. (SAC, ECF No. 45.)

On November 14, 2022, Defendants each sought leave of the Court to file motions to dismiss certain causes of action of Plaintiff's SAC, which the Court granted on November 22, 2022. (ECF Nos. 46-48.) On March 31, 2022, Gustafson filed her respective briefings on the instant motion: her notice of motion (ECF No. 49), Memorandum in Support ("Gustafson Mem.," ECF No. 50), and Reply ("Gustafson Reply," ECF No. 52). On April 5, 2022, Scott filed her respective briefings on the instant motion: her notice of motion (ECF No. 53), Memorandum in Support ("Scott Mem.," ECF No. 55), and Reply ("Scott Reply," ECF No. 57). Plaintiff filed her Responses in Opposition to both Gustafson's motion ("Pl. Opp. to Gustafson," ECF No. 59) and Scott's motion ("Pl. Opp. to Scott," ECF No. 60). Scott seeks to dismiss Plaintiff's abuse of process claim, and Gustafson seeks to dismiss Plaintiff's failure to supervise claim, the sole cause of action alleged against Gustafson. (*See* Scott Mem. at 5; Gustafson Mem. at 2.)

## LEGAL STANDARD

### I.  Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC,* 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. In applying these principles, the Court may consider facts alleged in the complaint and documents attached to it or incorporated by reference. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002) (internal quotation marks and citation omitted).

## II.    42 U.S.C. § 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## III.    Federal Rule of Civil Procedure 15(a)

A party may amend a pleading once as a matter of course or at any time before trial with leave of the court. Fed. R. Civ. P. 15(a)(1)-(2). When a party seeks leave to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Nevertheless, the Court may deny leave to amend for "[r]easons [of] . . . undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp,* 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)) ("In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'")).

Leave to amend may be denied "on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699, 726 (2d Cir. 2010) (quoting *Milanese v. Rust-Oleum Corp.,* 244 F.3d 104, 110-11 (2d Cir. 2001)); *accord Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman,* 371 U.S. at 182). A proposed amendment is futile if it "could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 258 (2d Cir. 2002) (internal citation omitted). Thus, a court should deny a motion to amend if it does not contain enough factual allegations, accepted as true, to state a claim for relief that is "plausible on its face." *Riverhead Park Corp. v. Cardinale,* 881 F. Supp. 2d 376, 379 (E.D.N.Y. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (denying motion to add claims as futile)).

## DISCUSSION

In her SAC, Plaintiff asserts five causes of action against Scott pursuant to Section 1983: (1) malicious prosecution (SAC ¶¶ 73-78); (2) false arrest (*id.* ¶¶ 79-85); (3) false imprisonment (*id.* ¶¶ 86-90); (4) abuse of process (*id.* ¶¶ 91-95); and (5) denial of a fair trial (*id.* ¶¶ 106-113).

Plaintiff asserts a singular cause of action against Gustafson: failure to supervise. (*id.* ¶¶ 96-105). Scott seeks to dismiss Plaintiff's abuse of process claim, and Gustafson seeks to dismiss Plaintiff's failure to supervise claim. The Court addresses each in turn.[2]

### I.   Plaintiff's Abuse of Process Claim

To establish a viable § 1983 abuse of process claim, a plaintiff must establish that a defendant: "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (citation omitted).

"In order to state a claim for abuse of process, a plaintiff must establish that the defendants had an improper purpose in instigating the action." *Id.* at 77 (citing *Dean v. Kochendorfer*, 237 N.Y. 384 (1924) (distinguishing between improper motive and improper purpose and concluding that improper purpose is necessary to make out an abuse-of-process claim—improper motive is not enough)). "A malicious motive alone . . . does not give rise to a cause of action for abuse of process." *Id.* (citations omitted).

To support her abuse of process claim, Plaintiff alleges Scott's actions "were false and retaliatory, an attempt to cover up Defendant Scott's illegal actions, and an improper use of legal process to achieve the removal of Plaintiff KC from Plaintiff's home." (SAC ¶ 92.) To start, as the Court previously determined and again determines here, a retaliatory motive is insufficient to state a claim for abuse of process. *Cabello-Setlle v. Cnty. of Sullivan*, No. 21 CIV. 7477 (NSR), 2022

---

[2] As it did in its prior Opinion, the Court dismisses Plaintiff's claims against the Defendants in their official capacities as County of Sullivan employees, because a municipality may not be liable under § 1983 "by application of the doctrine of *respondeat superior*." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.") (quotation marks and citation omitted).

WL 4387637, at * 10 (S.D.N.Y. Sept. 22, 2022); *Savino*, 331 F.3d at 77 (to state a claim for abuse of process, "it is not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against him by pursuing his arrest and prosecution. Instead, he must claim that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution."); *accord Wetzel v. Town of Orangetown*, 2010 WL 743039, at *5 (S.D.N.Y. 2010) (retaliatory motive is insufficient to state claim against defendant who employs regularly issued legal process to compel performance or forbearance of some act). Furthermore, Plaintiff again fails to plead facts to show the "illegal actions" Scott allegedly attempted to cover up through her false report, without identifying any other collateral purpose beyond Plaintiff's arrest. *See Cabello-Setlle*, 2022 WL 4387637, at *10; *Crews v. County of Nassau*, 2007 WL 4591325, *12 (E.D.N.Y. 2007) ("Because plaintiffs have merely alleged that defendants were motivated by their desire to cover up their misdeeds, but not that defendants had a purpose other than to prosecute [plaintiff], the abuse of process claim fails."); *see also Brewster v. Nassau Cnty.,* 349 F. Supp. 2d 540, 550 (E.D.N.Y. 2004) (dismissing plaintiff's abuse of process claim for failure to allege or provide evidence of collateral purpose outside legitimate ends of process).

Accordingly, the Court need only address the allegation that Scott's motive was to remove KC from Plaintiff's home. (*See* SAC ¶ 92.) Plaintiff alleges "[s]ince Defendant Scott had no other way to establish a social services case to remove Plaintiff KC from the home, she attempted to use the criminal proceeding to accomplish this goal." (SAC ¶ 45.) Scott argues this newly alleged motive is also deficient because (1) she did not arrest Plaintiff or initiate her criminal prosecution; (2) removing KC from Plaintiff's home cannot constitute a collateral motive for charging Plaintiff with endangering the welfare of a child, because the charge carries that purpose; and (3) Plaintiff does not allege that Scott abused process or that the collateral objective to remove KC occurred

*after* Plaintiff's arrest. (Scott Mem. at 6-11.) For her part, Plaintiff argues Scott's alleged motive to remove Plaintiff's minor son from Plaintiff's home "is the type of illegitimate collateral objective that New York courts have found sufficient to satisfy the third prong of the Abuse of Process analysis." (Pl. Opp. at 4.) The Court concludes Plaintiff fails to satisfy the collateral objective requirement.

Here, Plaintiff fails to allege Scott improperly employed or used process against her at all. "The gist of the action for abuse of process lies in the improper use of process after it is issued." *Hauser v. Bartow*, 273 N.Y. 370, 373, 7 N.E.2d 268, 269 (1937). Beyond the filing of the report to the NYSP and the County DA's Office, the SAC contains no factual allegations that Scott had any further involvement in Plaintiff's arrest or prosecution. (SAC ¶¶ 32-52.) Thus, because Plaintiff fails to allege Scott made any improper use of the report or her prosecution, Plaintiff's abuse of process claim fails. *Cohen v. Cohen*, 210 A.D.3d 633, 634, 178 N.Y.S.3d 129, 131 (2022) (affirming dismissal of abuse of process claim where plaintiff fails to allege defendant made an improper use of an order of protection); *Mago, LLC v. Singh*, 47 A.D.3d 772, 773, 851 N.Y.S.2d 593, 594 (2008) ("The counterclaims were insufficient to state a cause of action alleging abuse of process since they failed to allege any actual misuse of the process to obtain an end outside its proper scope.") (internal quotation marks and citations omitted); *Hauser v. Bartow*, 273 N.Y. 370, 374, 7 N.E.2d 268, 269 (1937) ("If he uses the process of the court for its proper purpose, though there is malice in his heart, there is no abuse of process."). Even if Scott filed her report "maliciously" and with "fabricated" evidence as alleged by Plaintiff, she used the process "for the purpose for which the law created it. She used it, she did not abuse it." *Hauser*, 273 N.Y. at 374.

Rather than plead additional facts in support of her claim, Plaintiff simply recites the allegations from her FAC and tacks on another conclusory allegation. Plaintiff has failed to cure

the deficiencies in her FAC, thus her allegations again fall short of stating a claim for abuse of process. Accordingly, the Court dismisses Plaintiff's claim for abuse of process against Scott.

## II.   Plaintiff's Failure to Supervise Claim

Plaintiff asserts a singular cause of action against Gustafson: failure to supervise. Specifically, Plaintiff alleges Gustafson's "negligence and deliberate inaction . . . allowed Defendant Scott to proceed with false and fabricated charges against Plaintiff." (SAC ¶ 100.) Gustafson *avers* Plaintiff fails to state a claim because (1) the claim is untimely and (2) Plaintiff's factual allegations are insufficient to show Gustafson's direct and personal involvement in violating Plaintiff's rights. (Gustafson Mem. at 6-9, 11-12.) In response, Plaintiff requests leave to amend her SAC to title this cause of action as "Failure to Intervene" as opposed to "Failure to Supervise," without amending any facts. (Pl. Opp. to Gustafson at 1.) Whether Plaintiff asserts a claim for failure to supervise or failure to intervene is immaterial—the Court finds Plaintiff's claim against Gustafson is barred by the statute of limitations.

Gustafson argues Plaintiff's claim is barred as untimely because Plaintiff's naming of Gustafson in her SAC cannot "relate back" to the original complaint.[3] (Gustafson Mem. at 11.) Federal Rule of Civil Procedure 15(c)(1)(C) provides that an amendment to a complaint that names a new party may relate back to the date of the original complaint under certain conditions. Fed. R. Civ. Proc. 15(c)(1)(C). The Second Circuit has interpreted the rule to "preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named

---

[3] Gustafson also argues the Court should dismiss Plaintiff's claim on statute of limitations grounds because Plaintiff fails to address this argument in her Opposition, and therefore the Court should deem the claim abandoned. (Gustafson Reply at 5.) Plaintiff explicitly limited her Opposition to seeking an amendment to state a "Faure to Intervene" claim given her mistake. (Pl. Opp to Gustafson at 2.) Accordingly, in its discretion, the Court addresses whether Plaintiff timely asserts a Failure to Intervene claim on the merits. *Robinson v. Fischer*, No. 09-CV-8882, 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) ("Federal courts have the discretion to deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in [her] opposition papers defendants' arguments for dismissing such a claim.").

originally because the plaintiff did not know their identities." *Hogan v. Fischer,* 738 F.3d 509,

517 (2d Cir. 2013) (citing *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)).

While relation back due to a mistake concerning the identity of the parties is allowed, "the failure

to identify individual defendants when the plaintiff knows that such defendants must

be named cannot be characterized as a mistake." *Id.* (citing *Barrow v. Wethersfield Police Dept.*,

66 F.3d 466, 470 (2d Cir. 1995)). Put another way, the lack of knowledge of a Jane

Doe defendant's name does not constitute a "mistake of identity" and cannot justify the

application of the relation back doctrine. *Id.*

That said, Section 1983 claimants may rely on state law in determining the applicable state

of limitations rules. Fed. R. Civ. Proc. 15(c)(1)(A); *Hogan*, 738 F.3d at 518-20 (applying New

York state statute of limitations rules to Section 1983 claims). New York Civil Practice Law and

Rules § 1024 ("CPLR") permits relation back when a plaintiff is ignorant of a party. C.P.R.L. §

1024 ("A party who is ignorant, in whole or in part, of the name or identity of a person who may

properly be made a party, may proceed against such person as an unknown party by designating

so much of his name and identity as is known."). However, a plaintiff relying on CPRL § 1024

must: (1) "exercise due diligence, prior to the running of the statute of limitations, to identify the

defendant by name," and (2) "describe the John Doe party 'in such form as will fairly apprise the

party that he is the intended defendant." *Hogan*, 738 F.3d at 519 (citations omitted).

Here, Plaintiff's SAC was filed outside the applicable statute of limitations period, and her

SAC cannot relate back to their original Complaint. "The statute of limitations applicable to claims

brought under §§ 1981 and 1983 in New York is three years." *Patterson v. Cnty. of Oneida, N.Y.*,

375 F.3d 206, 225 (2d Cir. 2004) (citations omitted). Section 1983 claims accrue "when the

plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan*, 738 F.3d at 518 (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)).

Plaintiff's allegations regarding Gustafson relate to her conduct between September 11, 2018 to September 13, 2018. (SAC ¶¶ 97-98; Pl. Opp. to Gustafson at 3-4.) Plaintiff filed her SAC on October 26, 2022, over a year after the three-year statute of limitations period expired, naming Gustafson as a party. (*See* SAC.) In the Complaint, Plaintiff initially named Gustafson as "Jane Doe Supervisor #1." (Compl. ¶ 6; SAC ¶ 7.) Accordingly, Plaintiff did not initially name Gustafson due to "mistake of identify," but rather lack of knowledge of her identity. Nor is there any evidence Plaintiff exercised due diligence as required by CPRL § 1024 to identify and substitute Gustafson between the time of the filing of her Complaint in September 2021 and her SAC in October 2022. Therefore, as Plaintiff cannot rely on the relation back doctrine, Plaintiff's claim against Gustafson is untimely.

Whether asserting a Failure to Supervise or Failure to Intervene claim, Plaintiff brings her claim against Gustafson after the statute of limitations has expired. Accordingly, the Court dismisses Plaintiff's Failure to Supervise claim and denies her request to amend her SAC. *Diallo v. Williams*, No. 04 CIV. 4556 SHS/DF, 2006 WL 156158, at *2 (S.D.N.Y. Jan. 20, 2006) (denying leave to amend as futile where claims barred by statute of limitations).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motions to dismiss. The Court dismisses Plaintiff's (1) abuse of process claim against Scott with prejudice; and (2) failure to supervise claim against Gustafson with prejudice. The Court also denies Plaintiff's request to amend her SAC to include a failure to intervene claim with prejudice.

Scott is directed to file an Answer to the remaining claims in Plaintiff's SAC by February 16, 2024. With no remaining claims against her, Gustafson is hereby dismissed from the action.

The Clerk of the Court is respectfully directed to terminate Defendant Suzanne Gustafson. The Clerk of the Court is further directed to terminate the motions at ECF Nos. 49 and 53.

Dated:    January 26, 2024                                    SO ORDERED:
          White Plains, New York

                                          _____
                                                NELSON S. ROMÁN
                                             United States District Judge

13